UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL ALONZO BROOKS,

                Petitioner,

    v.

MELISSA ANDREWJESKI,

                Respondent.

CASE NO. 3:22-CV-5520-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: January 6, 2023

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Carl Alonzo Brooks has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging several decisions of Washington's Indeterminate Sentence Review Board ("ISRB"). Dkt. 5. The Court concludes this Petition is a second or successive petition under 28 U.S.C. § 2244(b)(1) and recommends the Petition be dismissed without prejudice.

## I.    Background

On May 11, 1978, in the King County superior court, Petitioner pled guilty to three counts of first-degree robbery, one count of first-degree rape, one count of first-degree

kidnapping, one count of second-degree murder, one count of first-degree assault, and one count of first-degree burglary, all while armed with a deadly weapon and a firearm. Dkt. 15-1 at 2–3, Ex. 1. The superior court sentenced Petitioner to eight life sentences, with the rape, kidnapping, and murder counts to be served consecutively, and with a minimum term to be fixed by the now-titled ISRB. *Id.* at 2.

In a decision issued on September 29, 1978, the ISRB fixed the minimum terms on each of Petitioner's convictions, determining a total minimum term of ninety years with all causes to run consecutively. Dkt. 15-1 at 6–8, Ex. 2. On June 24, 1987, the ISRB redetermined Petitioner's minimum terms, reducing the minimum term on one of the first-degree robbery counts and on the first-degree burglary count, but maintaining the minimum terms on all other counts. Dkt. 15-1 at 10, Ex. 3.

In April 2004, Petitioner filed a federal habeas petition ("First Petition") in this Court seeking relief from his 1978 convictions. *See Brooks v. Miller-Stout*, 2:04-cv-0922-JCC-MAT; Dkt. 15-1, Ex. 4. In the First Petition, Petitioner raised twenty-six grounds for relief. *See* Dkt. 15-1, Ex. 4. The twenty-six grounds for relief included claims that Petitioner was denied the effective assistance of counsel in numerous respects (Grounds 1–11), that the ISRB failed to follow its own administrative rules (Grounds 12–17), that the State breached the plea agreements it entered into with Petitioner (Grounds 18–21), and that the ISRB erred in structuring Petitioner's sentence and in redetermining Petitioner's minimum terms (Grounds 22–26). *Id.* Specifically with respect to the ISRB's September 1978 and June 1987 decisions to fix and refix his minimum terms, Petitioner asserted violations of "due process," "equal protection," and an "abuse of discretion." Dkt. 15-1 at 32–36; 39–41, Ex. 4. The Court dismissed the case with prejudice, holding that Petitioner could have, with reasonable diligence, discovered the factual

1  basis for his claims against the ISRB in 1978 or 1987 and, therefore, the claims were time-

2  barred. Dkt. 15-1, Exs. 6, 7, 8. The Ninth Circuit affirmed the Court's decision and further found

3  that "equitable tolling cannot save the timeliness of Brook's petition concerning this extremely

4  old conviction." Dkt. 15-1 at 118, Ex. 9.

5       In October 2010, Petitioner filed a second federal habeas petition ("Second Petition") in

6  this Court seeking relief from 1978 convictions. *See Brooks v. Sinclair*, 3:10-cv-5794-BHS-KLS;

7  Dkt. 15-1, Ex. 13. In the Second Petition, Petitioner claimed that, during an October 2008 parole

8  hearing, the ISRB violated his right to "early parole release as protected by state and federal due

9  process of laws and clauses of the State and United States Constitutions." *Id*. at 209, Ex. 13. In

10  that hearing, Petitioner had requested that the ISRB reduce his minimum total term from the

11  ninety years decided in 1978 to a new minimum total term of fifteen years. *Id*. The Court

12  considered the Second Petition and transferred it to the Ninth Circuit for authorization to file a

13  second or successive petition. Dkt. 15-1, Exs. 15, 16. The Ninth Circuit, however, denied the

14  application for authorization to file a second or successive petition as unnecessary to the extent

15  that Petitioner "raises a first challenge to the denial of parole, which is not a second or successive

16  petition under 28 U.S.C. § 2244(b)(3)(A)." Dkt. 15-1 at 261, Ex. 17. After the case returned to

17  the District Court, the Court considered the Second Petition again, determined it was not subject

18  to statutory tolling under 28 U.S.C. § 2244(d)(2), and therefore dismissed with prejudice it as

19  time-barred and denied a certificate of appealability. *See* Dkt. 15-1, Exs. 18, 19.

20       On July 19, 2022, Petitioner filed this Petition ("Third Petition") again challenging the

21  ISRB's 1978 and 1987 decisions that determined his ninety-year minimum total term of

22  confinement as violative of due process and equal protection. Dkt. 5 at 2–3. On October 21,

23  2022, Respondent filed a Motion to Dismiss, arguing the Third Petition is second or successive

24

1    and, in the alternative, this Court lacks jurisdiction to consider the Petition because the Ninth

2    Circuit has not authorized its filing as required by 28 U.S.C. § 2244(b)(3)(A). Dkt. 14. Petitioner

3    filed a response on November 17, 2022,[1] arguing that the Third Petition is not a second or

4    successive petition because it is a "first" challenge to the ISRB's 2018 decision not to release

5    him. Dkt. 17. Respondent filed a reply on December 2, 2022. Dkt. 20.

6    **II.    Discussion**

7        The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

8    gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

9    of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

10   only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

11   proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-*

12   *Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either

13   considers and rejects the claims or determines that the underlying claim will not be considered

14   by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v.*

15   *Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). Dismissal of a first petition with prejudice because

16   of a procedural default that forecloses review by federal courts is an adjudication on the merits.

17   *McNabb*, 576 F.3d at 1029. Dismissal, for instance, of a first habeas petition because it is

18   untimely is a permanent bar to federal review of the underlying claims and constitutes resolution

19

20

---

21   [1] The Court notes that, when Respondent filed the Motion to Dismiss, the Motion was noted for consideration on November 18, 2022. *See* Dkt. 14. Under Local Rule 7(d)(3), Petitioner was to file any opposition no later than the Monday before the noting date. LCR 7(d)(3). Petitioner did not do so, and the undersigned entered a Report and Recommendation ("R&R") on November 15, 2022, recommending that the Motion to Dismiss be granted and that the Third Petition be dismissed without prejudice. *See* Dkt. 16. However, on November 17, 2022, Petitioner filed his Response to the Motion to Dismiss. Dkt. 17. As a result, the District Court referred the case back to the undersigned for consideration of the Motion to Dismiss in light of the filing of Petitioner's Response. *See* Dkt. 18. The Court then issued an Order vacating the R&R and directing Respondent to file a Reply on or before December 2, 2022. *See* Dkt. 19. The Motion to Dismiss was re-noted for consideration on December 2, 2022. *See id*.

1   on the merits. *Id*. at 1030. The Ninth Circuit also states "[a] habeas petition is second or

2   successive only if it raises claims that were or could have been adjudicated on the merits." *Id.* at

3   1029.

4       Petitioner has filed his Third Petition challenging the 1978 ISRB decision that set his

5   minimum total term of confinement at ninety years, as well as the 1987 ISRB decision that

6   maintained that minimum. Dkt. 15-1, Ex. 4. However, Petitioner's two previously-filed Petitions

7   challenged the same ISRB decisions. Dkt. 15-1, Exs. 4, 13. The Court denied the First Petition

8   "on the merits," concluding the Petition was time-barred, and the Ninth Circuit affirmed the

9   judgment of the Court. *See* Dkt. 15-1, Exs. 7, 9; *see also McNabb*, 576 F.3d at 1029–30. The

10  Court denied the Second Petition "on the merits," concluding it was untimely and dismissed it as

11  time-barred, and the Ninth Circuit denied a certificate of appealability. *See* Dkt. 15-1, Exs. 18,

12  19; *Brooks v. Sinclair*, 3:10-cv-5794-BHS-KLS (Dkt. 51); *see also McNabb*, 576 F.3d at 1029–

13  30. Because Petitioner previously challenged these same ISRB decisions in his First and Second

14  Petitions that were both dismissed on the merits as time-barred, this Third Petition is "second or

15  successive."

16      In his Third Petition, Petitioner also claims his current ground for relief—that the ISRB

17  violated his due process and equal protection rights when it failed to vacate its decision to fix

18  Petitioner's minimum term at ninety years—has not been before the federal courts in habeas

19  corpus "because it was only discovered during the November 2018 in person parole and

20  redetermination hearing that ISRB ongoingly could not breach contractual plea of guilty

21  requirements." Dkt. 5 at 5. In his Response to the Motion to Dismiss, Petitioner also contends

22  that the Third Petition is not successive because it is a "first" challenge to the ISRB's 2018

23  decision not to release him. Dkt. 17 at 3. However, a review of Petitioner's First and Second

24

1  Petitions belies these assertions. Petitioner has, in fact, previously presented the federal courts

2  with a claim that the ISRB decisions violated his plea agreement as to his 1978 guilty plea. In his

3  First Petition, Petitioner challenged his plea agreement for failing to advise him that "additional

4  mandatory minimum terms would be imposed by the ISRB for criminal history," and therefore

5  the ISRB was required to reduce his minimum term. Dkt. 15-1 at 37, Ex. 4. In his Second

6  Petition, Petitioner claimed that, at an "October 2008 early parole release hearing," the

7  "prosecutor's omission of the early parole release law from the face of Brooks' May 11, 1978

8  plea agreement requires Brooks' release forthwith . . . ." Dkt. 15-1 at 209, Ex. 13. Furthermore,

9  in his Third Petition, Petitioner specifically seeks to vacate those same previous ISRB decisions

10  that set his minimum term of confinement at ninety years, and asks the Court to resentence him

11  to a term of 39 years and 2 months in accordance with his plea of guilty. Dkt. 5 at 6. As such,

12  Petitioner has in fact previously litigated his claim that the ISRB decisions violated his plea

13  agreement and consequently the ISRB is required to reduce his minimum term of confinement.

14  Petitioner's current claim, therefore, was or could have been adjudicated on the merits in the

15  First Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was

16  "second or successive" when the petitioner was aware of the factual predicate of the claim and

17  could have raised the claim in his first petition).

18        In sum, as Petitioner's First and Second Petitions were denied on the merits and

19  Petitioner was or could have been aware of the claims asserted in the Third Petition prior to

20  filing the First Petition, the Third Petition is "second or successive."

21        Before a petitioner is allowed to file a second or successive petition, he must obtain an

22  order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.

23  § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States

24

1    District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.

2    2008). A district court lacks jurisdiction to consider a second or successive petition in the

3    absence of an order from the Ninth Circuit authorizing the district court to consider the petition.

4    *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157

5    (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit

6    authorizing this Court to consider the Third Petition. Thus, the Court lacks jurisdiction to

7    consider the Third Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S.

8    at 331; *Cooper*, 274 F.3d at 1274.

9        **III.    Certificate of Appealability**

10        A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

11    court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

12    (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

13    may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

14    constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

15    that jurists of reason could disagree with the district court's resolution of his constitutional

16    claims or that jurists could conclude the issues presented are adequate to deserve encouragement

17    to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

18    529 U.S. 473, 484 (2000)).

19        Reasonable jurists would not find it debatable that the Third Petition should be dismissed

20    for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate

21    of appealability with respect to the Third Petition.

22

23

24

1    **IV.    Conclusion**

2    For the above stated reasons, the Court recommends the Motion to Dismiss (Dkt. 14) be

3    granted and the Third Petition (Dkt. 5) be dismissed without prejudice and the certificate of

4    appealability be denied. If Petitioner wishes to file a second or successive petition in this Court,

5    he must obtain an order from the Court of Appeals authorizing the district court to consider the

6    petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings

7    for the United States District Court.

8    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

9    shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

10   R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

11   *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

12   those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

13   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

14   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January**

15   **6, 2023**, as noted in the caption.

16   Dated this 22nd day of December, 2022.

17

18   David W. Christel

19   United States Magistrate Judge

20

21

22

23

24

REPORT AND RECOMMENDATION - 8