THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALONZO BROOKS,<br><br>                    Petitioner,<br><br>         v.<br><br>MELISSA ANDREWJESKI,<br><br>                    Respondent. | CASE NO. C22-5520-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's objections (Dkt. No. 24) to the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, recommending that the Court grant Respondent's motion to dismiss a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2244 (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Petitioner's objections, ADOPTS the R&R, GRANTS the motion, and DISMISSES the petition (Dkt. No. 5) without prejudice for the reasons explained herein.

The facts and procedural history of this case are described in detail in the R&R, (*see generally* Dkt. No. 21 at 1–4), and the Court will not repeat them here. The R&R recommends this Court dismiss Petitioner's third petition seeking habeas corpus relief because it is successive; therefore, the Court lacks authority to consider it. (*Id.* at 5) (citing 28 U.S.C. § 2244(b)(1)). Petitioner objects, but in so doing fails to point to specific error by Judge Christel. (*See generally*

Dkt. No. 24.) Instead, Petitioner attempts to reiterate the arguments put forth in this and his prior habeas challenges. (*Id.*)

The Court reviews *de novo* those portions of an R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the Court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). A party properly objects by timely filing "specific written objections" to the R&R as required under Federal Rule of Civil Procedure 72(b)(2). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996); *see also Djelassi v. ICE Field Office Dir.*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report and recommendation to which specific written objection is made").

In his objections, Petitioner reargues alleged legal deficiencies in the Washington's Indeterminate Sentence Review Board's determinations regarding his minimum term of incarceration, and again asserts ineffective assistance of counsel. (*See generally* Dkt. No. 24.) This amounts to no objection at all, as it does not focus the Court's attention on the specific issue for review: Judge Christel's determination that the Court lacks jurisdiction to consider this successive petition. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Court OVERRULES Petitioner's objections, (Dkt. No. 24), ADOPTS Judge Christel's R&R (Dkt. No. 21), GRANTS Respondent's motion, and DISMISSES the petition (Dkt. No. 5) without prejudice. Moreover, because no reasonable jurist could disagree with the findings in Judge Fricke's R&R, the Court DENIES Petitioner's request for a Certificate of Appealability.

//

1      DATED this 30th day of January 2023.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE